# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA GROS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 19-378-SDD-EWD**

**BATON ROUGE REHABILITATION
HOSPTIAL, L.L.C. D/B/A BATON ROUGE
REHAB HOSPITAL**

## NOTICE AND ORDER

This is a civil action involving claims for personal injury damages by Plaintiff, Cynthia Gros ("Plaintiff"), against Defendant, Baton Rouge Rehabilitation Hospital d/b/a Baton Rouge Rehab Hospital ("Defendant").[1] On or about March 10, 2014, Plaintiff filed her Petition for Damages ("Petition") against Defendant in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] In general, Plaintiff alleges that she suffered injuries, including a fractured hip, due to Defendant's negligence when Plaintiff was struck by a defective restroom stall door during her attempt to use the restroom in Defendant's rehabilitation facility.[3]

On June 13, 2019, Defendant removed the matter to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[4] The Notice of Removal asserts that, for the first time since the commencement of the state court action, federal question jurisdiction is now present based on the representations made in Plaintiff's expert report[5] (the "Report"), which Defendant contends was produced on May 31, 2019.[6] The Report, authored by Michael A. Stein, PE, states

---

[1] R. Doc. 1-3, ¶¶ 10-13, 15-16, 18.
[2] R. Doc. 1-3.
[3] R. Doc. 1-3, ¶¶ 10-13, 17-18.
[4] R. Doc. 1, ¶ 5 and introductory paragraph.
[5] R. Doc. 1-2.
[6] R. Doc. 1, ¶¶ 4-5.

that an evaluation of Defendant's facility, including the stall and door, was conducted at the request of Plaintiff.[7] The Report's Executive Summary opines that:

> The condition of the door as observed on June 20, 2018 does not comply with the requirements of the 2010 American's with Disabilities Act (ADA) Standards for Accessible Design as published by the United States Department of Justice on September 15, 2010. The condition of the door also does not comply with the earlier 1994 ADA Standards for Accessible Design published on July 1, 1994…Baton Rouge Rehab Hospital failed to maintain the door in a properly operating condition.[8]

The Report's Conclusion further opines:

> In summary, in my opinion, the Baton Rouge Rehab Hospital failed to comply with Federal law and the 1994 and 2010 Standards by not properly maintaining the water closet partition and door in the women's changing room in the hydrotherapy area.[9]

The Notice of Removal alleges that Plaintiff's Petition contained "absolutely no allegations that defendant had violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*" However, by Plaintiff's production of the Report: "**plaintiff has alleged that Baton Rouge Rehabilitation Hospital has violated the [ADA].**"[10] Furthermore, Defendant contends:

7.

> Baton Rouge Rehabilitation Hospital contends that the expert report completed on behalf of plaintiff's expert, Michael A. Stein, which notified defendant for the first time of plaintiff's new allegations of ADA violations, constitutes other paper within the meaning of 28 U.S.C.A. § 1446 (b)(3). In *Gibson v. Clean Harbors Envtl. Servs., Inc.,* the United States Court of Appeals, Eighth Circuit, determined that an expert report constituted "other paper" within the meaning of 28 U.S.C.A. § 1446 (b)(3), such that the thirty (30) days removal period was triggered upon receipt of the expert report. 840 F.3d 515, 522 (8th Cir. 2016).[11]

---

[7] R. Doc. 1-2, p. 2.
[8] R. Doc. 1-2, p. 2.
[9] R. Doc. 1-2, p. 5.
[10] R. Doc. 1, ¶¶ 3-4 (emphasis in original).
[11] R. Doc. 1, ¶ 7.

A defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction.[12]   Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  A federal question exists when there "appears on the face of the complaint some substantial, disputed question of federal law,"[13] however, "[u]nder the longstanding well-pleaded complaint rule [] a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[14]  Whether a case is removable on the basis of federal question jurisdiction is "determined by the allegations of plaintiff's 'well-pleaded complaint' as of the time of removal."[15]  As this Court recently explained, "because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law."[16]

Plaintiff's Petition specifically asserts a Louisiana state law cause of action against Defendant solely for negligence:  "Petitioner alleges that Defendant was guilty of negligence, which acts of negligence were the cause of the injuries and damages sustained by Petitioner…."[17]  On the face of the Petition, Plaintiff does not assert any federal causes of action or rights to relief under federal law, including the ADA, against Defendant.  Nevertheless, Defendant premises federal question jurisdiction on Plaintiff's expert Report, which opines that Defendant violated the

---

[12] *See* 28 U.S.C. § 1441(a).

[13] *Pidgeon v. East Baton Rouge Parish Sheriff's Office*, No. 17-342, 2017 WL 3996436, *2 (M.D. La. Aug. 21, 2017) (*citing In re Hot-Hed, Inc.*, 447 F.3d 320, 332 (5th Cir. 2007).

[14] *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (other citations omitted)

[15] *Pidgeon*, 2017 WL 3996436 at *2 (*citing Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).

[16] *Pidgeon*, 2017 WL 3996436 at *2 (*citing Avitts v. Amoco Production Co*., 53 F.3d 690, 693 (5th Cir. 1995).

[17] *See* R. Doc. 1-3, ¶ 16, listing nine non-exclusive examples of Defendant's alleged negligence, *e.g.*, that Defendant carelessly and negligently failed to provide protection from a reasonably foreseeable hazard, failed to maintain the premises in a reasonably safe condition and failed to provide a floor surface with suitable traction.  In the Notice of Removal, Defendant admits that the only claims in the Petition are for negligence.  R. Doc. 1, ¶ 2.

ADA.[18]  However, Plaintiff is the master of her complaint, and after five years of litigation, she has not asserted a federal claim on the face of the Petition even though a federal remedy may be available on the facts.  The Court will not assume that Plaintiff is asserting a federal claim merely because her expert Report alludes to a violation of a federal law, particularly because Plaintiff could use the report to establish the state law claim of negligence that she actually pled.[19]  As it stands, Defendant has failed to assert any applicable authority to support removal on the basis that an expert report references a federal law.[20]  Accordingly, Defendant must properly identify a basis for this Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331 or move to withdraw the Notice of Removal.[21]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise federal question jurisdiction in this matter.[22]

Accordingly,

---

[18] R. Doc. 1, ¶¶ 4-5, 7 *citing* R. Doc. 1-2.

[19] *See, e.g.,* the Report at p. 2, which proffers an opinion that goes directly to Plaintiff's claim that Defendant was negligent in its maintenance of the door that struck her: "Baton Rouge Rehab Hospital failed to maintain the door in a properly operating condition."

[20] Defendant's authority, *Gibson v. Clean Harbors Envtl. Servs. Inc.,* 840 F.3d 515 (8th Cir. 2016), decided by the U.S. Court of Appeals for the Eighth Circuit, is non-binding and distinguishable. *Gibson* dealt with removal of a case under the Class Action Fairness Act ("CAFA"), which has unique and discrete requirements for removal, *i.e.,* greater than 100 class members and an amount in controversy that exceeds five million dollars in the aggregate. *See* 28 U.S.C. 1332(d)(2), (d)(5)(B).  In *Gibson,* the Eighth Circuit permitted removal upon the removing party's receipt of an expert report as "other paper" because the report made clear that the foregoing CAFA jurisdictional requirements for removal were met. *Id.* at 522.  The facts of *Gibson* have no bearing on the instant removal, by which Defendant attempts to use an expert's opinion of an alleged violation of federal law to establish a basis for removal where Plaintiff not a federal claim on the face of the Petition.

[21] If there is no objectively reasonable legal grounds to support a notice of removal, the removing party may be subject to payment of just costs and actual expenses, including attorney fees incurred as a result of the removal.  *See Jordan Lee v. Dep't of Educ.,* 16-588, 2016 WL 8223433, at *3 (M.D. La. Dec. 5, 2016), *report and recommendation adopted sub nom. Lee v. Dep't of Educ.,* 16-588-SDD-EWD, 2017 WL 522954 (M.D. La. Feb. 8, 2017) ("Section 1447(c) provides, in pertinent part, 'An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.' 28 U.S.C. § 1447(c).  However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 291 (5th Cir. 2000).  In applying § 1447(c), courts consider 'the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.' Id. at 293.")

[22] *See McDonal v. Abbott Laboratories,* 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS HEREBY ORDERED** that, **on or before June 25, 2019,** Defendant Baton Rouge Rehabilitation Hospital d/b/a Baton Rouge Rehab Hospital shall file a memorandum and supporting evidence that addresses whether this Court has federal question subject matter jurisdiction, as well as the basis for the exercise of such jurisdiction, or alternatively, a motion to withdraw its Notice of Removal.

**IT IS FURTHER ORDERED** that **on or before July 5, 2019,** Plaintiff Cynthia Gros shall file either (1) a Notice stating that Plaintiff does not object to Defendant's assertion that Defendant has established federal question subject matter jurisdiction under 28 U.S.C. § 1331 and an amended complaint that alleges a violation of federal law; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 18, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**